INGRAHAM, P. J., LAUGHLIN, CLARKE and SCOTT, JJ., concurred.

Order reversed, with ten dollars costs and disbursements, and motion granted, with ten dollars costs.

---

In the Matter of the Transfer Tax on the Estate of SEYMOUR J. HYDE, Deceased.

JAMES J. ALLEN and WALTER L. WORRALL, as Executors, etc., of SEYMOUR J. HYDE, Deceased, Appellants; EUGENE M. TRAVIS, State Comptroller, Respondent.

First Department, November 5, 1915.

Tax — transfer tax — duty of surrogate to determine residence of testator — question cannot be delegated to referee — affidavits constituting "due proof" of residence.

A surrogate in a transfer tax proceeding may appoint a referee to take proof and report as to the residence of the testator at the time of his death, but he cannot authorize the referee to determine such question. Where it appears from the uncontradicted affidavits of the widow of the testator and his brother-in-law, one of the executors of his estate, that the testator at the time of his death was and for some considerable time immediately prior thereto had been a resident of an adjoining State;

that after building a house in said State he had removed thereto and continued to live and vote there until the time of his death, and that his residence was given in the New York city directory as in the adjoining State, and at the time of his death he had no taxable property within this State, and these facts are not controverted, such affidavits constitute " due proof" that the testator did not reside in this State at the time of his death.

An affidavit of the attorney for the State Comptroller which merely stated that the affiant " is informed and verily believes that said decedent was, in fact, a resident of the State of New York at the time of his death" is a mere conclusion and in no way destroyed the legal effect of the affidavits of the widow and the executor.

APPEAL by James J. Allen and another, as executors, from an order of the Surrogate's Court of the county of New York, entered in the office of said Surrogate's Court on the 4th day of August, 1915, denying their motion to exempt the estate of Seymour J. Hyde, deceased, from a transfer tax, and appointing a referee to determine the residence of the testator at the time of his death.

*James J. Allen* and *Walter L. Worrall*, for the appellants.

*John Boyle, Jr.*, for the respondent.

McLAUGHLIN, J.:

The executors under the will of Seymour J. Hyde made a motion to exempt his estate from transfer tax upon the ground that he was not, at the time of his death, a resident of the State of New York and had no taxable property therein but at such time was a resident of the State of Connecticut. The motion was denied, a referee appointed to hear and determine the question of the decedent's residence, and the executors appeal.

The surrogate, in my opinion, had no power to appoint a referee to determine the residence of the testator at the time of his death. That was a question which had to be determined by the surrogate himself and could not be delegated to another. He could appoint a referee to take proof and report, and treating the order as one for that purpose, I am of the opinion, upon the proof presented, it ought not to have been made. It appears from the affidavits of Elizabeth Worrall Hyde, the widow of the decedent, and Walter L. Worrall, his brother-in-law and one of the executors of his estate, that the testator, at the time of his death, was, and for some considerable time

immediately prior thereto had been, a resident of Greenwich, Conn.; that in 1902 or 1903 the testator, then a resident of the State of New York, purchased certain real estate in Greenwich, Conn., and then or some time thereafter commenced the erection of a residence thereon, which was completed in 1907; that in June of that year he and his family moved from their apartment in the city of New York to this residence where he, except for occasional temporary absences, continuously resided until the time of his death; that he voted at the elections held in Greenwich in the years 1907, 1908, 1909, 1911 and 1912, and there is no evidence that during that time he voted anywhere else. The affidavits further show that in Trow's General Directory of the boroughs of Manhattan and The Bronx, from 1908 to 1915, inclusive, the residence of the testator was given as Greenwich, Conn., and at the time he died he had no property within the State of New York, except wearing apparel of the value not to exceed $250.

These facts were not controverted in any respect, nor was any fact presented to the surrogate to the effect that the testator resided in the State of New York at the time of his death, except an affidavit of the attorney for the State Comptroller, which merely stated that the affiant "is informed and verily believes that said decedent was, in fact, a resident of the State of New York at the time of his death." Not a single fact is set forth showing the source of the information or the ground of the belief. The statement, therefore, is at most a mere conclusion and in no way destroyed the legal effect to be given to the affidavits referred to. Those affidavits not being controverted constituted "due proof" that the testator did not reside in the State of New York at the time he died. (Code Civ. Proc. § 2546, as added by Laws of 1914, chap. 443.) This section of the Code provides: "Except as otherwise provided by law, a petition, affidavit or account filed in a special proceeding shall be due proof of the facts therein stated, unless controverted by answer, objection or other proof."

Clearly, the affidavit in opposition to the motion did not effectually controvert the proof of decedent's non-residence, since it contained no denial of the facts set forth in the moving affidavits. Nor did it raise an issue as to such residence. The

moving affidavits having established the decedent's non-resi-
dence, and that fact not being controverted, the motion to
exempt decedent's estate from a transfer tax should have been
granted.

The order appealed from, therefore, is reversed, with ten
dollars costs and disbursements, and the motion to exempt the
decedent's estate from a transfer tax granted, with ten dollars
costs.

INGRAHAM, P. J., LAUGHLIN, CLARKE and SCOTT, JJ.,
concurred.

Order reversed, with ten dollars costs and disbursements,
and motion granted, with ten dollars costs. Order to be
settled on notice.